■ KELLY ANN JUNIOR et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [49 NYS3d 8]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 30, 2014, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Following the reasoning of the Federal District Court in its dismissal of plaintiff's federal due process claim (*see Junior v City of New York,* 2013 WL 646464, 2013 US Dist LEXIS 10702 [SD NY, Jan. 18, 2013, No. 12 Civ 3846(PAC)]), Supreme Court correctly held that defendant Housing Preservation and Development Corp. (HPD) did not violate plaintiffs' due process rights under the State Constitution. As plaintiffs do not dispute that HPD properly calculated their rent shares pursuant to the formula set by the U.S. Department of Housing and Urban Development (HUD) (*see* 42 USC § 1437f [t] [1] [A]), which does not factor in economic hardship, plaintiffs do not have a property interest in obtaining increased rental subsidies based on their alleged economic hardship. Since HPD has no discretion in calculating plaintiffs' shares of the rent payments, a hardship hearing would have been futile. The court properly declined to fashion an equitable remedy to address any perceived inequities that result from the application of the HUD formula.

Further, while HPD provides an opportunity for an informal hearing with participating tenant families in certain situations, such as where there are questions regarding the determination of the family's annual or adjusted income, family unit size, or whether a family is residing in a unit with more bedrooms than is appropriate for the size of the family (*see* 24 CFR 982.555 [a] [1]), plaintiffs have not identified any HUD or HPD rule or regulation that requires landlords to make available to tenants their submissions to HPD in connection with HPD's rent reasonableness determinations, which involve the total contract rent paid by HPD to the landlord of a Section 8 assisted unit. Thus, HPD did not violate plaintiffs' due process rights by not providing them with the opportunity to review defendant Hudsonview Terrace, Inc.'s submissions on its rent increase requests.

The claim that HPD failed to provide plaintiffs with adequate information about their enhanced vouchers accrued in 2003, when plaintiffs became eligible for the enhanced vouchers, and was therefore time-barred by 2012, when plaintiffs asserted it.

Plaintiffs lack standing to assert the claim that Hudsonview Terrace breached its Housing Assistance Payment Agreement with HPD. Even if the claim were properly alleged based on evidence that Hudsonview Terrace has offered rent concessions to certain non-voucher tenants allowing them to pay lower rents than those paid by enhanced voucher tenants living in comparable apartments, plaintiffs failed to show that those rent concessions affect the rent that they are charged for their units or the rent share amount that they are required to pay pursuant to the HUD formula. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.

---

Motion to supplement record denied. 